**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| ANSARI PIZZA, LLC | Case No. 6:24-bk-01433-GER |
| | *Lead case (proposed)* |
| | *Jointly Administered with (proposed)* |
| 5033 WEST 192, LLC | Case No. 6:24-bk-01434-GER |
| 7437 INTERNATIONAL DRIVE, LLC | Case No. 6:24-bk-01435-GER |
| 7763 WEST 192, LLC | Case No. 6:24-bk-01436-GER |
| PIZZA BUFFET 749, LLC | Case No. 6:24-bk-01438-GER |
| PIZZA BUFFET CLEARWATER, LLC | Case No. 6:24-bk-01439-GER |
| PIZZA BUFFET GATLINBURG, LLC | Case No. 6:24-bk-01440-GER |
| PIZZA BUFFET PIGEON FORGE, LLC | Case No. 6:24-bk-01442-GER |
| PIZZA UNLIMITED SEVIERVILLE, LLC | Case No. 6:24-bk-01443-GER |
| Debtors. | / |
| ANSARI PIZZA, LLC | Applicable Case No. 6:24-bk-01433-GER |
| Applicable Debtor. | / |

**DEBTOR ANSARI PIZZA, LLC'S**
**EMERGENCY MOTION TO USE CASH COLLATERAL**

> The Debtor respectfully requests that an emergency hearing on the relief requested in this Motion be held on or before **Thursday, March 28, 2024**.

**ANSARI PIZZA, LLC** ("ANSARI" or "Debtor"), hereby files its Emergency Motion to Use Cash Collateral ("Motion"), In support, the Debtor state as follows:

**I.    SUMMARY OF EMERGENCY RELIEF**

1.    The Debtor seeks, on an emergency basis, authorization to use cash collateral retroactively to the Petition Date for purposes of funding ordinary course operations and expenses in accordance with the budget, **Exhibit A** to this Motion (the "Budget"), that will be filed separately prior to the hearing.

2. The Debtor will be filing a certificate of emergency will be filed in conjunction with this Motion because it will suffer immediate and irreparable harm if it is not permitted to use cash collateral to fund ordinary expenses.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief sought herein are sections 105, 361, 363, 541, and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001, 7004, 9014, and 9034(f) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 2081-1(g)(1).

## III. BACKGROUND

### A. General Procedural and Factual Background

5. On March 26, 2024 (the "Petition Date"), ANSARI, along with its above-captioned the above-captioned affiliated debtors and debtors-in-possession[1] (the "Affiliated Debtors" and collectively with ANSARI as the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, thereby initiating the applicable above-styled chapter 11 cases.

6. No trustee or examiner has been appointed and the Debtor continues to operate its business as a debtor-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[1] 5033 WEST 192, LLC, 7437 INTERNATIONAL DRIVE, LLC, 7763 WEST 192, LLC, PIZZA BUFFET 749, LLC, PIZZA BUFFET CLEARWATER, LLC, PIZZA BUFFET GATLINBURG, LLC, PIZZA BUFFET PIGEON FORGE, LLC, and PIZZA UNLIMITED SEVIERVILLE, LLC (together, as "**Affiliated Debtors**").

2

7. ANSARI is the parent LLC which oversees and manages the operations of multiple CiCi's Pizza locations. Each of the Affiliated Debtors are single-purpose entities dedicated to a single CiCi's Pizza location, as set forth on the following chart:

| Debtor | Debtor Abbr. Name | Cici's Pizza # | Store Location |
|---|---|---|---|
| **ANSARI PIZZA, LLC** | "ANSARI" | n/a | n/a |
| **5033 WEST 192, LLC** | "5033 WEST" | 585 | 5033 West Hwy 192 Kissimmee, FL 34747 |
| **7437 INTERNATIONAL DRIVE, LLC** | "7437 INTL" | 580 | 7437 International Drive Orlando, FL 32819 |
| **7763 WEST 192, LLC** | "7763 WEST" | 797 | 7763 W Irlo Bronson Memorial Hwy Kissimmee, FL 34747 |
| **PIZZA BUFFET 749, LLC** | "PB 749" | 749 | 410 W 49th St Hialeah, FL 33012 |
| **PIZZA BUFFET CLEARWATER, LLC** | "PB CLEARWATER" | 897 | 1560 McMullen Booth Rd Units G1, H1-H2 Clearwater, FL 33759 |
| **PIZZA BUFFET GATLINBURG, LLC** | "PB GATLINBURG" | 900 | 849 River Road Gatlinburg, TN 33738 |
| **PIZZA BUFFET PIGEON FORGE, LLC** | "PB PIGEON FORGE" | 888 | 3189 Parkway Unit 4B Piegon Forge, TN 37863 |
| **PIZZA UNLIMITED SEVIERVILLE, LLC** | "PIZZA UNLTD" | 822 | 1811 Parkway #100 Sevierville, TN 37862 |

B. **The Cash Collateral**

8. As used herein, "Cash Collateral" is defined as set forth in section 363(a) of the Bankruptcy Code, which includes, without limitation, cash on hand and accounts receivable.

9. By way of this Motion, the Debtor seeks authority to use funds that might arguably be Cash Collateral to pay the normal operating expenses and costs associated with running its business and administering this chapter 11 case.

10. As of the Petition Date, the Debtor had no meaningful accounts receivable.

11. With respect to cash on hand, as of the Petition Date, a chart setting forth the balances of the Debtors' prepetition bank accounts (collectively, the "Prepetition Accounts") is attached hereto as **Exhibit B** and incorporated by reference.

    C.    **Prepetition Secured Lender(s)**

12. The U.S. SMALL BUSINESS ADMINISTRATION ("SBA") holds secured loans against all but three Debtors with an approximate the original aggregate principal amount of $4,600,000. The SBA loans are secured by, among other things, a lien on all assets of ANSARI, 7763 WEST, 7437 INTL., PB 749, PB CLEARWATER, and PB PIGEON FORGE, as evidenced by those certain Florida UCC-1 Financing Statements set forth on the chart attached hereto as **Exhibit C**. By virtue of its liens, the SBA may have an interest in Cash Collateral.

13. Although other UCC-1 Financing Statements are of record, the Debtor asserts such loans have been satisfied or otherwise do not encumber, nor constitute a lien, on Cash Collateral. The invalid UCC Financing Statements set forth on **Exhibit C**,

    D.    **Debtor Has an Immediate Need for Use of Cash Collateral**

14. The Debtor requires immediate access to liquidity to ensure preservation of business operations and value of the estate during the pendency of this chapter 11 case. Without prompt access to Cash Collateral, the Debtor will be unable to pay normal operational expenses, including employee wages and benefits, or otherwise fund the administration of the estate. Such an outcome would cause immediate and irreparable harm.

15. During this chapter 11, the Debtor will need the cash generated from operations to satisfy payroll obligations, obtain supplies, pay suppliers and vendors, maintain insurance coverage, pay taxes, and make any other payments essential to the continued management, operation, and preservation of the business. The ability to satisfy these expenses as and when they come due is essential to the continuity of business operations and to ensure preservation of the estate's value during the pendency of this chapter 11.

16. The Debtor has developed the Budget (*see* **Exhibit A**) for the use of Cash Collateral during the interim period, which it believes provides sufficient liquidity during the interim period. The Budget contains line items for cash flows anticipated to be received and disbursed during the period for which the Budget is prepared.

17. Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay prepetition obligations.

IV.    **BASIS FOR RELIEF**

18. Section 363(c)(1) of the Bankruptcy Code governs a debtor's use of estate property, as follows:

> If the business of the debtor is authorized to be operated under . . . 1108 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

*See* 11 U.S.C. § 363(c)(1).

19. A debtor-in-possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 1107(a). "Section 363(c)(2) balances competing interests in a Chapter 11 reorganization . . . [A] debtor reorganizing his business has a compelling

need to use cash collateral in order to meet its daily operating expenses and rehabilitate its business." *In re Delco Oil, Inc.*, 599 F.3d 1255, 1258 (11th Cir. 2010); *see also In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984) ("A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated."). Here, the Debtor may use Cash Collateral to ensure continuation of the business, which is essential to overall reorganizational efforts.

20. When a chapter 11 debtor-in-possession is authorized to operate its business, it may use property of estate in ordinary course of business but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. *In re Delco Oil, Inc.*, 599 at 1258 ("The Bankruptcy Code prohibits the post-petition use of cash collateral by a trustee or a debtor-in-possession, unless the secured party or the bankruptcy court after notice and a hearing authorizes the use of cash collateral upon a finding that the secured party's interest in the cash is adequately protected."); *see also* 11 U.S.C. § 1107(a);[2] 11 U.S.C. § 363(c)(2);[3] 11 U.S.C. § 363(e).[4]

21. The Debtor is aware that cash currently held in its Prepetition Account(s) might constitute the collateral of the SBA and any other applicable secured lenders (the "Secured Lender(s)"). In connection with the requested use of Cash Collateral herein, the Debtor shall

---

[2] Providing a debtor-in-possession the rights, powers, functions and duties of a bankruptcy trustee.

[3] "The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

[4] "[O]n request of an entity that has an interest in property ... proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

provide sufficient and adequate protection to the Secured Lender(s) by way of replacement liens to ensure that the respective secured claims are adequately protected.

22. Section 363(e) of the Bankruptcy Code provides for adequate protection of secured interests in property when a debtor uses cash collateral. Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest"). While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, bankruptcy courts ultimately decide what constitutes sufficient adequate protection on a case-by-case basis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987) (hereinafter referred to as "*O'Connor*"); *see also Martin v. U.S. (In re Martin)*, 761 F.2d 472 (8th Cir. 1985). For example, in *O'Connor*, the court held that "[i]n order to encourage the debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." *Id*. at 1936 (citations omitted); *see also In re Quality Interiors, Inc.*, 127 B.R. 391 (Bankr. N.D. Ohio 1991) (holding that a replacement lien provided adequate protection).

23. Adequate protection is meant to ensure that the secured creditor receives the value for which it originally bargained pre-bankruptcy. *The Resolution Trust Corp. v. Swede/and Dev. Group, Inc. (In re Swede/and Dev. Group., Inc.)*, 16 F.3d 552, 564 (3rd Cir. 1994) (citing *O'Connor*, 808 F.2d at 1396-97). Courts have noted that the essence of adequate protection is the assurance of the maintenance and continued responsibility of the lien value in the interim between the filing and the confirmation. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. Or. 1982). The purpose

of the adequate protection requirement is to protect secured creditors from diminution of value during the use period. *See In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *see also In re Becker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

24. As set forth in more detail above, the Debtor proposes to provide the Secured Lender(s) with replacement liens which it believes adequately protects the secured interests.

25. The Debtor respectfully submits that the proposed adequate protection, by way of replacement liens, is sufficient to protect the Secured Lender(s) from any diminution in value to the applicable collateral during the interim period. *See, e.g.*, *In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) (evaluating "whether the value of the debtor's property will increase as a result of the" use of collateral in determining sufficiency of adequate protection); *In re Salem Plaza Assocs.*, 135 B.R. 753, 758 (Bankr. S.D.N.Y. 1992) (holding that debtor's use of cash collateral to pay operating expenses, thereby "preserv[ing] the base that generates the income stream," provided adequate protection to the secured creditor).

26. Considering the foregoing, the Debtor submits that the proposed adequate protection to be provided for the benefit of the Secured Lender(s) is appropriate. The Debtor's proposed adequate protection is not only necessary to protect the Secured Lender(s) against any diminution in value, but it is also fair and appropriate on an interim basis under the circumstances of this Bankruptcy Case to ensure that the Debtor is able to continue using the Cash Collateral in the near term for the benefit of all parties in interest and its estate.

27. Further, the claims of the Secured Lender(s) would achieve a *de minimis* recovery absent the permitted use of Cash Collateral as set forth herein. The closure of the Debtor's ongoing

operations, however, would be catastrophic to value. That improvement and maintenance of value provides adequate protection to the Secured Lender(s).

28. The inability of the Debtor to pay ordinary course expenses will drastically inhibit its ability to satisfy payroll obligations, obtain supplies, maintain insurance coverage, pay taxes, and make any other payments essential to the continued management, operation, and preservation of its business. The inability to fund operations will significantly—if not completely—diminish the chances for a successful reorganization. Prohibiting the use of Cash Collateral is not in the best interest of any Secured Lender(s), as such discontinuation would also materially and adversely impact the value of the collateral securing such interests. It is in the best interest of the Debtor, the estate, and all creditors to preserve the value of the business and estate.

29. The Debtor believes that the approval of this Motion is in the best interest of the Debtor, creditors, and the estate because it will enable the Debtor to: (a) continue the orderly operation of the business and avoid an immediate shutdown of operations; (b) meet obligations for necessary ordinary course expenditures and other operating expenses; and (c) make payments authorized under other orders entered by this Court, thereby avoiding immediate and irreparable harm to the Debtor and the estate.

30. There is insufficient time for a full and final hearing pursuant to Bankruptcy Rule 4001(b)(2) to be held before the Debtor must use Cash Collateral. If this Motion is not considered on an emergency basis and the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impacts on continuing operations of the business and the overall value of the estate.

31.     Despite the emergency nature of this Motion, the Debtor will mail and email (where available) this Motion to the potentially impacted creditors and email known counsel for secured creditors, as reflected on the attached Certificate of Service.

32.     The Motion is without prejudice to the rights of the Debtors or any other party to contest the extent, validity, and/or priority of any asserted liens or interests.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the interim order: (a) granting this Motion; (b) authorizing the interim use of Cash Collateral consistent with the Budget, subject to a 10% variance; (c) granting the proposed adequate protection to the Secured Lender(s); (d) scheduling a final hearing on the use of Cash Collateral in accordance with Bankruptcy Rule 4001(b)(2); and (e) granting such other and further relief as the Court may deem proper.

**RESPECTFULLY SUBMITTED** this 25th day of March 2024.

*/s/ R. Scott Shuker*
R. Scott Shuker, Esq.
Florida Bar No.: 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Telephone: (407) 337-2060
*Attorneys for the Debtors*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 25, 2024, a true copy of the foregoing **EMERGENCY MOTION TO USE CASH COLLATERAL**, together with any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: the **Debtor, c/o Registered Agent Nabeel T. Ansari**, 525 East Jackson St., #803, Orlando, FL 32801; **Office of the United States Trustee**, George C Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, FL 32801; All parties listed on the **attached Mailing Matrix**.

                                                */s/ R. Scott Shuker*
                                                R. Scott Shuker, Esq.

**Ansari Pizza, LLC**
**Case No.:  6:24-bk-01433**
**20 Largest Unsecured Creditors**
**and Combined All-Creditor Matrices**

Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

Orange County Tax Collector
301 S Robinson Avenue
Orlando, FL 32801

ASCENTIUM CAPITAL LLC
23970 HWY 19 N
Kingwood, TX 77339

FL Dept of Revenue
c/o Receivables Management
PO Box 8045
Tallahassee, FL 32314-8045

Florida First Capital
Finance Corporation
1351 N. Gadsden St.
Tallahassee, FL 32303

Spectrio, LLC
PO BOX 890271
CHARLOTTE, NC 28289-0271

STREET OUTDOOR
52 RILEY RD 377
CELEBRATION, FL 34747

SafeT Systems Inc.
2051 Castaic Lane
Knoxville, TN 37932

CITY OF GATLINBURG
PO BOX 5
GATLINBURG, TN 37738-0005

EQUIFAX WORKFORCE
SOLUTIONS LLC
4076 PAYSPHERE CIRCLE
CHICAGO, IL 60674

JMC RESTAURANT DISTRIBUTION
1080 WEST BETHEL RD
COPPELL, TX 75019-4427

Peter P. Wiest
10447 Down Lakeview Drive
Windermere, FL 34786

CINTAS
PO BOX 630910
CINCINNATI, OH 45263-0910

FLORIDA DEPT OF REVENUE
5050 W TENNESSEE ST.
TALLAHASSEE, FL 32399-0125

INNOVATIVE TECHINCAL
SERVICE ONE LLC
9153 CARMELA AVE
DAVENPORT, FL 33897

STATE CLEANING SOLUTIONS
PO BOX 844284
BOSTON, MA 02284-4284

WRAPS FOR LESS LLC
4490 35TH ST
ORLANDO, FL 32811

Tennessee Dept of Revenue
c/o TN Atty General's Office
P.O. Box 20207
Nashville, TN 37202-0207

Coca-Cola Service & Parts
PO Box 102703
ATLANTA, GA 30368

Florida Dept of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

KENNEY COMMUNICATIONS INC
1215 SPRUCE AVENUE
ORLANDO, FL 32824

PINELLAS CO. TAX COLLECTOR
PO BOX 31149
TAMPA, FL 33631-3149

ECOLAB PEST ELIMINATION DIV.
26252 NETWORK PLACE
CHICAGO, IL 60673

Florida Dept of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Republic Trash Servies
11255 Rocket Blvd.
Orlando, FL 32824

Universal Roof & Contracting
5655 CARDER RD.
ORLANDO, FL 32810

CITY OF SEVIERVILLE
PO BOX 5500
Sevierville, TN 37864-5500

Tennessee Dept. of Revenue
Attn: Taxpayer Services Div.
3RD Floor, 500 Deaderick St.
Nashville, TN 37242

ENVIRO MASTER INTERNATIONAL
FRANCHISE LLC
PO BOX 12350
CHARLOTTE, NC 28220

Pinellas Co. Tax Collectotor
29399 US Hwy 19 N #100
Clearwater, FL 33761

SACOA CASHLESS SYSTEM
6457 Hazeltine Natoinal Dr.
Suite 130
Orlando, FL 32822

SYSCO WEST COAST FLORIDA INC
3000 69TH ST EAST
PALMETTO, FL 34221

Miami-Dade Co. Tax Collector
200 NW 2nd Ave
Miami, FL 33128

UNIVERSAL FIRE
2232 W 80TH ST BAY 1
HIALEAH, FL 33016

STEARNS BANK N.A.
500 13TH STREET
ALBANY, MN, 56307

U.S. SMALL BUSINESS ADMIN.
2 NORTH STREET, SUITE 320
BIRMINGHAM, AL, 35203

U.S. SMALL BUSINESS ADMIN.
7825 BAYMEADOWS WAY, STE 100-B
JACKSONVILLE, FL 32256

FIRST HORIZON BANK
ATTN: JORDAN D. BRYAN, CEO
165 MADISON AVE.
MEMPHIS, TN 38103

FIRST HORIZON BANK
C/O REGISTERED AGENT, CT
CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

TRUIST BANK
ATTN: HASANA STANBERRY, V.P.
214 N TRYON ST
CHARLOTTE, NC 28202

TRUIST BANK
C/O REGISTERED AGENT
CORPORATION SERVICE CO.
1201 HAYS ST.
TALLAHASSEE, FL 32301

FIFTH THIRD BANK
ATTN: TIMOTHY N. SPENCE, CEO
38 FOUNTAIN SQUARE PLAZA
CINCINNATI, OH 45263

FIFTH THIRD BANK
C/O REGISTERED AGENT
CORPORATION SERVICE CO.
1201 HAYS ST.
TALLAHASSEE, FL 32301

CITIZENS NATIONAL BANK
ATTN: DOUGLAS SWAGGERTY, CEO
200 FORKS OF THE RIVER PKWY,
SEVIERVILLE, TN 37862

C T CORPORATION SYSTEM, AS REP.
ATTN: SPRS
330 N BRAND BLVD, SUITE 700
GLENDALE, CA, 91203

CORPORATION SERVICE COMPANY,
AS REPRESENTATIVE
P.O. BOX 2576
SPRINGFIELD, IL, 62708

FFE SERVICES LLC,
AS REPRESENTATIVE
244 MADISON AVENUE, SUITE 379
NEW YORK, NY, 10016

FFE SERVICES LLC, AS REPRESENTATIVE
3 W 35TH STREET, 10TH FLOOR
NEW YORK, NY, 10001

STEARNS BANK N.A.
ATTN: KELLY SKALICY, CEO
4191 2ND ST S
SAINT CLOUD, MN 56301

# EXHIBIT A

## Cash Collateral Budget

**(to be filed prior to hearing)**

**EXHIBIT B**

**Debtors' Bank Accounts**
(as of Petition Date)

| Debtor Abbr. Name | Bank Name | Purpose | Acct# | Balance as of 3/25/2024 |
|---|---|---|---|---|
| **ANSARI** | First Horizon Bank | Operating | 8104 | $20,036.72 |
| **5033 WEST** | First Horizon Bank | Operating | 6271 | $24,028.30 |
| | Truist Bank | Depository | 0343 | $5,192.98 |
| **7437 INTL** | First Horizon Bank | Operating | 9333 | $5,638.22 |
| | Truist Bank | Depository | 0572 | $ 25,978.34 |
| **7763 WEST** | Fifth Third Bank, N.A. | Depository | 7713 | $13,716.09 |
| | First Horizon Bank | Operating | 9648 | $23,596.08 |
| **PB 749** | First Horizon Bank | Operating | 3102 | $24,335.07 |
| | Truist Bank | Depository | 2548 | $17,788.03 |
| **PB CLEARWATER** | First Horizon Bank | Operating | 1734 | $939.78 |
| | Truist Bank | Depository | 6949 | $20,375.13 |
| **PB GATLINBURG** | Citizens Nat'l Bank | Depository | 3022 | $13,623.53 |
| | First Horizon Bank | Operating | 0526 | $9,273.12 |
| **PB PIGEON FORGE** | Citizens Nat'l Bank | Depository | 8402 | $18,129.35 |
| | First Horizon Bank | Operating | 8499 | $10,142.96 |
| **PIZZA UNLTD** | Citizens Nat'l Bank | Depository | 8215 | $19,025.45 |
| | First Horizon Bank | Operating | 0236 | $18,812.85 |

**EXHIBIT C**
**UCC Financing Statements**

| Creditor | FL UCC Filing No | Date Filed | Debtor | Collateral |
|---|---|---|---|---|
| **C T CORPORATION SYSTEM, AS REPRESENTATIVE**<br>ATTN: SPRS<br>330 N BRAND BLVD, SUITE 700<br>GLENDALE, CA, 91203 | 201900377207 | 12/13/2019 | 7437 INTERNATIONAL DRIVE, LLC | The equipment, personal property and other assets (collectively, "Property"), financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2407385… |
| **CORPORATION SERVICE COMPANY, AS REPRESENTATIVE**<br>P.O. BOX 2576<br>SPRINGFIELD, IL, 62708<br>Email: UCCSPREP@CSCINFO.COM | 202000785253 | 2/3/2020 | 7437 INTERNATIONAL DRIVE, LLC | 1. Sale of Accounts by Debtor/Purchase of Rights to Payments by Secured Party: Secured Party has purchased all accounts, general intangibles, and rights to payment, or a portion/percentage thereof, generated by Debtor on account of credit, debit, and all other card transactions relating to the operation of Debtor's business and sold by Debtor to Secured Party pursuant to any agreements between Debtor and Secured Party (as any of them may be amended, restated, renewed, replaced, or otherwise modified from time to time). The portion of any transaction between Debtor and Secured Party relating to the foregoing is intended as a sale and not as an assignment for security.<br><br>2. Collateral Securing Obligations to Secured Party: In order to secure Debtor's performance of its covenants relating the purchase(s) and sale(s) covered by this filing, Debtor has given Secured party an interest in the following, collectively referred to as the "Collateral": All of Debtor's personal property and fixtures, tangible and intangible, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof, including without limitation: all equipment, furniture, artwork, inventory, instruments, investment property, documents, general intangibles, deposits, contract rights, tradenames, trademarks, patents, supporting obligations, payment intangibles, chattel paper, commercial tort claims, licenses, liquor licenses, permits, franchise agreements, payments due from credit card and bank card companies or processors, accounts receivable, accounts, leases, deposit accounts, refunds of bonds, monies due or to become due from the State Liquor Authority and/or State Division of Alcoholic Beverage Control and, to the extent not listed above as original collateral, all products and proceeds of the foregoing collateral in whatever form, including, without limitation, all payments under insurance, whether or not Secured Party is the loss payee thereof, all proceeds of any governmental taking, and any indemnity, warranty, letter of credit (including the right to draw on such letter of credit), or guaranty payable by reason of any default under, loss of, damage to or otherwise with respect to, any of the foregoing. |
| | 202000785261 | 2/3/2020 | 5033 WEST 192, LLC | |
| | 202000785326 | 2/3/2020 | 7763 WEST 192, LLC | |
| | 202000785342 | 2/3/2020 | PIZZA UNLIMITED SEVIERVILLE, LLC | |
| | 202000785482 | 2/3/2020 | PIZZA BUFFET PIGEON FORGE, LLC | |
| | 202000785490 | 2/3/2020 | PIZZA BUFFET CLEARWATER, LLC | |
| | 202000785520 | 2/3/2020 | PIZZA BUFFET GATLINBURG, LLC | |
| | 202000785563 | 2/3/2020 | PIZZA BUFFET 749 LLC | |

| Creditor | FL UCC Filing No | Date Filed | Debtor | Collateral |
|---|---|---|---|---|
| **FFE SERVICES LLC AS REPRESENTATIVE** 244 MADISON AVENUE SUITE 379, NEW YORK, NY, 10016 | 201909087937 | 7/9/2019 | 7763 WEST 192, LLC | For valuable consideration, Grantor grants to Lender a first priority security interest in the Collateral to secure the payment of the Indebtedness including the principal, fees and interest and any and all other liabilities of Granter to Lender under the Agreement, whether now existing or hereafter arising and whether absolute or contingent. As used herein, the term "Collateral" includes all right, title, and interest of Grantor, whether now owned or existing or hereafter created, acquired, or arising, in and to all of the following: (A) accounts, (B) chattel paper, (C) instruments, (D) documents, (E) general intangibles, (F) letter of credit rights, (G) supporting obligations; (H) deposit accounts; (I) investment property; (J) inventory; (K) equipment; and (L) fixtures; together with (1) all supporting obligations, evidence and documents relating to any such property, (2) all accessions and additions to, and substitutions and replacements of, any and all of such property, and (3) any and all proceeds and products of the foregoing. As used herein, "UCC" shall refer to either the Uniform Commercial Code of the Commonwealth of Virginia or the State of California, as applicable. If the Grantor's principal place of business is not in California, then all terms which are used in this Security Agreement which are defined in the UCC of the Commonwealth of Virginia as in effect from time to time shall have the same meanings as such terms are defined in the UCC, unless this Security Agreement shall otherwise specifically provide. If the Grantor's principal place of business is in California, then all terms which are used in this Security Agreement which are defined in the UCC of the State of California as in effect from time to time shall have the same meanings as such terms are defined in the UCC, unless this Security Agreement shall otherwise specifically provide. All capitalized terms not defined in this Security Agreement shall have the meanings provided in the Agreement. |
| **FFE SERVICES LLC AS REPRESENTATIVE** 3 W 35TH STREET 10TH FLOOR, NEW YORK, NY, 10001 | 202000547840 | 1/3/2020 | 7437 INTERNATIONAL DRIVE, LLC | For valuable consideration, Grantor grants to Lender a first priority security interest in the Collateral to secure the payment of the Indebtedness including the principal, fees and interest and any and all other liabilities of Granter to Lender under the Agreement, whether now existing or hereafter arising and whether absolute or contingent. As used herein, the term "Collateral" includes all right, title, and interest of Grantor, whether now owned or existing or hereafter created, acquired, or arising, in and to all of the following: (A) accounts, (B) chattel paper, (C) instruments, (D) documents, (E) general intangibles, (F) letter of credit rights, (G) supporting obligations; (H) deposit accounts; (I) investment property; (J) inventory; (K) equipment; and (L) fixtures; together with (1) all supporting obligations, evidence and documents relating to any such property, (2) all accessions and additions to, and substitutions and replacements of, any and all of such property, and (3) any and all proceeds and products of the foregoing. As used herein, "UCC" shall refer to either the Uniform Commercial Code of the Commonwealth of Virginia or the State of California, as applicable. If the Grantor's principal place of business is not in California, then all terms which are |

| Creditor | FL UCC Filing No | Date Filed | Debtor | Collateral |
|---|---|---|---|---|
| | | | | used in this Security Agreement which are defined in the UCC of the Commonwealth of Virginia as in effect from time to time shall have the same meanings as such terms are defined in the UCC, unless this Security Agreement shall otherwise specifically provide. If the Grantor's principal place of business is in California, then all terms which are used in this Security Agreement which are defined in the UCC of the State of California as in effect from time to time shall have the same meanings as such terms are defined in the UCC, unless this Security Agreement shall otherwise specifically provide. All capitalized terms not defined in this Security Agreement shall have the meanings provided in the Agreement. |
| **STEARNS BANK N.A.** 500 13TH STREET ALBANY, MN, 56307 | 201908490428 | 4/26/2019 | **PIZZA BUFFET 749 LLC** | ALL PERSONAL PROPERTY OF DEBTOR OF EVERY KIND AND NATURE, WHEREVER LOCATED, WHETHER NOW OWNED OR HEREAFTER ACQUIRED, INCLUDING WITHOUT LIMITATION, THE FOLLOWING CATEGORIES OF PROPERTY AS DEFINED IN REVISED ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE: GOODS (INCLUDING INVENTORY, EQUIPMENT, FIXTURES AND ANY ACCESSIONS THERETO), INSTRUMENTS (INCLUDING PROMISSORY NOTES), DOCUMENTS, ACCOUNTS (INCLUDING HEALTH-CARE-INSURANCE RECEIVABLES), CHATTEL PAPER(WHETHER TANGIBLE OR ELECTRONIC), DEPOSIT ACCOUNTS, LETTER-OF-CREDIT RIGHTS (WHETHER OR NOT THE LETTER OF CREDIT IS EVIDENCED BY A WRITING), COMMERCIAL TORT CLAIMS, SECURITIES AND ALL OTHER INVESTMENT PROPERTY, GENERAL INTANGIBLES(INCLUDING PAYMENT INTANGIBLES AND SOFTWARE), SUPPORTING OBLIGATIONS AND ANY AND ALL PROCEEDS OF THE FOREGOING |
| **U.S. SMALL BUSINESS ADMINISTRATION** 2 NORTH STREET, SUITE 320, BIRMINGHAM, AL, 35203 | 202002043939 202003136833 202003645185 202003657221 202003658627 20200368377X | 6/5/2020 7/4/2020 7/25/2020 7/25/2020 7/25/2020 7/26/2020 | **ANSARI PIZZA LLC** **7763 WEST 192, LLC** **7437 INTERNATIONAL DRIVE, LLC** **PIZZA BUFFET CLEARWATER, LLC** **PIZZA BUFFET PIGEON FORGE, LLC** **PIZZA BUFFET 749, LLC** | All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, {e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. |

| Creditor | FL UCC Filing No | Date Filed | Debtor | Collateral |
|---|---|---|---|---|
| **WIEST PETER PAUL** 10477 DOWN LAKEVIEW CIR, WINDERMERE, FL, 34786 | 202004572858 | 9/11/2020 | **5033 WEST 192, NABEEL ANSARI** **7437 INTERNATIONAL DRIVE LLC, NABEEL ANSARI** **7763 WEST 192 LLC, NABEEL ANSARI** **ANSARI PIZZA LLC, NABEEL ANSARI** **PIZZA BUFFET 749 LLC, NABEEL ANSARI** **PIZZA BUFFET CLEARWATER LLC, NABEEL ANSARI** **PIZZA BUFFET GATLINBURG LLC, NABEEL ANSARI** **PIZZA BUFFET PIGEON FORGE LLC, NABEEL ANSARI** **PIZZA UNLIMITED SEVIERVILLE LLC, NABEEL ANSARI** | Promissory Note $3,650,000.00 maturing 9/26/2034 Principal/Interest/Late Fees Jan - Sept 2020: $295,776.00 Collateral Assignment-2010 Case Charging Order and Final Judgement of Garnishment executed by LEECO INVESTMENT LLC as Assignor in favor of Peter Paul Wiest in the case styled LEECO INVESTMENT LLC, Plaintiff, vs. PIZZA UNLIMITED INTERNATIONAL, INC; TABIR S. ANSARI, JASMINE ANSARI; AND 17855 GULF BLVD. REDINGTON, INC. Defendants, in the Circuit Court of the Ninth Judicial Circuit In and For Orange County, Florida, Case No. 2010-CA-014279-0. Collateral Assignment-2011 Case Charging Order and Final Judgement of Garnishment executed by LEECO INVESTMENT LLC as Assignor in favor of Peter Paul Wiest in the case styled LEECO INVESTMENT LLC, Plaintiff, vs. PIZZA UNLIMITED INTERNATIONAL, INC.; TABIR S. ANSARI, JASMINE ANSARI; AND 17855 GULF BLVD. REDINGTON, INC Defendants, in the Circuit Court of the Ninth Judicial Circuit In and For Orange County, Florida, Case No. 2011-CA-000354-0 |